**Angela GOODELL, Plaintiff—Appellant,**

v.

**Robb EOFF; Michael Kay; Donald Denison; Larry Kanzler; Jerry Pryor; Mark Fandry; Robert Graves; James Rivers; Mark Huber; David Teem, in their individual and official capacities; City of Toledo; City of Newport, Defendants—Appellees.**

No. 02–35671.

D.C. No. CV–00–06210–CO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2003.

Decided Aug. 7, 2003.

Before SCHROEDER, Chief Judge, HUG and BERZON, Circuit Judges.

## MEMORANDUM *

Plaintiff Angela Goodell appeals the district court's Rule 54(b) judgment in her action alleging federal and state claims arising out of alleged abuse she experienced from her boyfriend, Michael Kay. Kay had been a police officer with the police departments of Toledo and Newport, Oregon.

The district court allowed Goodell to proceed with her 42 U.S.C. § 1983 Fourth Amendment claims against four individual Toledo police officers who were involved in challenged civil standbys. The district court granted summary judgment in favor of the city of Toledo, the city of Newport, individual Newport officers, and Kay on all claims against those defendants. It also granted summary judgment in favor of the individual Toledo officers on all claims other than the Fourth Amendment claims. We conclude that the Rule 54(b) certification was appropriate and that we have jurisdiction.

■ The bulk of plaintiff's claims have as their essence the contention that the police failed to enforce a restraining order and protect Goodell from Kay's harassment. Under the Supreme Court's decision in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), Goodell does not state cognizable claims of constitutional violation. It is not adequately alleged that any of the municipalities or individuals in question engaged in any affirmative misconduct that resulted in harm to the plaintiff. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir.1990). Nor is it claimed that the defendants took any affirmative action to interfere with Goodell's ability to seek redress in the courts. Thus, her claim for denial of court access fails as well. Further, it is not clear from objective criteria requiring mandatory action that the Oregon Family Abuse Prevention Act created a liberty interest protected under the Due Process Clause. *Oviatt v. Pearce*, 954 F.2d 1470, 1474–75 (9th Cir.1992).

■ Goodell also alleges that the cities of Newport and Toledo are liable under *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), for their failure to train officers properly. There is nothing in the record that was before the district court to support this claim. The record before us consists of the record before the district court. *See* Fed. R.App. P. 10(a). It is not proper for the appellant to rely on evidence produced for the first time on appeal. *See Tonry v. Sec. Experts, Inc.*, 20 F.3d 967, 974 (9th Cir.1994).

The state law claims are not sufficiently related to the remaining federal claims to constitute the same case or controversy, as required by 28 U.S.C. § 1367(a). The district court therefore properly concluded that it lacked jurisdiction over Goodell's state law claims.

Appellees' Motion to Strike Portions of Appellant's Reply Brief and Further Excerpts of Record is GRANTED.

The judgment is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.